1  MICHAEL J. McCUE (NV Bar No. 6055)
   MMcCue@LRRLaw.com
2  JONATHAN W. FOUNTAIN (NV Bar No. 10351)
   JFountain@LRRLaw.com
3  MENG ZHONG (NV Bar No. 12145)
   MZhong@LRRLaw.com
4  LEWIS ROCA ROTHGERBER LLP
   3993 Howard Hughes Parkway, Suite 600
5  Las Vegas, Nevada 89169
   Tel: (702) 949-8200
6  Fax: (702) 949-8398

7  Attorneys for Plaintiff
   SATA GmbH & Co. KG
8

9

10            UNITED STATES DISTRICT COURT

11               DISTRICT OF NEVADA

12
   SATA GmbH & Co. KG, a German corporation,     Case No. 2:13-cv-02042
13
                  Plaintiff,                      **ORDER GRANTING PLAINTIFF'S
14                                                EMERGENCY *EX PARTE* MOTION
                                                  FOR TEMPORARY RESTRAINING
15        v.                                      AND SEIZURE ORDER**

   Wenzhou T&E Industrial Co., Ltd., a foreign
16  business organization, CMI Continental
   Marketing International Co., Ltd., a foreign
17  business organization, and Kuani Gear Co. Ltd.,
   a foreign business organization,
18
                  Defendants.
19

20        Plaintiff SATA GmbH & Co. KG ("SATA") has moved the Court *ex parte* for an

21  Emergency Temporary Restraining Order, Seizure Order, and Preliminary Injunction, pursuant

22  to Rule 65 of the Federal Rules of Civil Procedure, the Lanham Act (15 U.S.C. § 1116), the

23  Patent Act (35 U.S.C. § 283), and Local Rule 7-5.  SATA alleges that Defendants Wenzhou

24  T&E Industrial Co., Ltd. ("Wenzhou"), CMI Continental Marketing International Co., Ltd.

25  ("CMI"), and Kuani Gear Co. Ltd. ("Kuani"), are advertising, displaying and offering to sell

26  products that violate SATA's U.S. trademarks and U.S. design patents.  SATA further alleges

27  that it discovered the infringing activity on November 5, 2013, when SATA representatives

28  attended the Automobile Aftermarket Products Expo (the "AAPEX") trade show in Las Vegas,

1  Nevada, which is scheduled to end on November 7, 2013. SATA representatives allegedly
2  visited Defendants' booths and observed infringing products on display, advertised and being
3  offered for sale.

4      SATA seeks a temporary restraining order to enjoin the display, advertisement and offer
5  of sale of those products, as well as an order permitting SATA to seize infringing products as
6  well as related evidence of such infringing activity, including records of infringing product sales.

7                              **FINDINGS AND CONCLUSIONS**

8      The Court, having duly considered SATA's First Amended Complaint, emergency
9  motion, and the declarations and exhibits submitted therewith, hereby makes the following
10 findings and conclusions:

11     1.     An order other than an *ex parte* seizure order would not be adequate to achieve
12 the purposes of Section 32 of the Lanham Act (15 U.S.C. § 1114), because: (a) Wenzhou is a
13 China-based manufacturer of spray paint guns; (b) with the exception of its temporary presence
14 in Las Vegas, Nevada, during the annual AAPEX tradeshow from November 5 - 7, 2013,
15 Wenzhou does not have any known regular place of business or assets in the United States; and
16 (c) there is a significant risk that Wenzhou will remove from the any evidence of its
17 counterfeiting (including documents in paper and electronic form) if an *ex parte* seizure order is
18 not granted. Similarly, (a) CMI is a foreign-based manufacturer of spray paint guns in Taiwan;
19 (b) with the exception of its temporary presence in Las Vegas, Nevada, during the annual
20 AAPEX tradeshow from November 5 - 7, 2013, CMI does not have any known regular place of
21 business or assets in the United States; and (c) there is a significant risk that CMI will remove
22 from the any evidence of its counterfeiting (including documents in paper and electronic form) if
23 an *ex parte* seizure order is not granted. Further, (a) Kuani is a foreign-based manufacturer of
24 spray paint guns in Taiwan; (b) with the exception of its temporary presence in Las Vegas,
25 Nevada, during the annual AAPEX tradeshow from November 5 - 7, 2013, Kuani does not have
26 any known regular place of business or assets in the United States; and (c) there is a significant
27 risk that Kuani will remove from the any evidence of its counterfeiting (including documents in
28 paper and electronic form) if an *ex parte* seizure order is not granted.

1    2.    SATA has not publicized its application for an *ex parte* temporary restraining and
2    seizure order. SATA only learned of the infringing products and infringing activity on the first
3    day of the AAPEX show.

4    3.    SATA is likely to succeed on the merits of its trademark counterfeiting claim
5    under 15 U.S.C. §§ 1114 and 1116. SATA owns valid federal trademark registrations at U.S.
6    Trademark Registration No. 3,072,417, U.S. Trademark Registration No. 2,770,801, U.S.
7    Trademark Registration No. 2,774,593, and U.S. Trademark Registration No. 2,793,583 (the
8    "SATA Marks").

9    Wenzhou is using counterfeits of the SATA Marks on counterfeit SATA products.
10   Wenzhou is using the SATA Marks in commerce, including in connection with displaying and
11   offering such products for sale in or to the United States, at least through the AAPEX trade
12   show.

13   CMI is using counterfeits of the SATA Marks on counterfeit SATA products. CMI is
14   using the SATA Marks in commerce, including in connection with displaying and offering such
15   products for sale in or to the United States, at least through the AAPEX trade show.

16   Furthermore, Kuani is using counterfeits of the SATA Marks on counterfeit SATA
17   products. Kuani is using the SATA Marks in commerce, including in connection with displaying
18   and offering such products for sale in or to the United States, at least through the AAPEX trade
19   show.

20   4.    SATA is also likely to succeed on the merits of its patent infringement claim.
21   SATA owns design patents USD 459,432 S1 and USD 459,433 S1 (the "SATA Patents").
22   Wenzhou is offering products for sale at the AAPEX trade show that infringe SATA's design
23   patents based on the ordinary observer test. Additionally, CMI is offering products for sale at the
24   AAPEX trade show that infringe SATA's design patents based on the ordinary observer test.
25   Further, Kuani is offering products for sale at the AAPEX trade show that infringe SATA's
26   design patents based on the ordinary observer test.

27   5.    Absent an *ex parte* temporary restraining order and a seizure order, Defendants'
28   promotion, offers for sale, and/or sale of its counterfeit and infringing products will result in

1   immediate and irreparable injury to SATA in the form of loss of control over its valuable
2   intellectual property rights, loss of consumer goodwill, and interference with SATA's ability to
3   exploit its U.S. trademarks and design patents.  Further, because each Defendant has no presence
4   in the United States, it may be difficult or impossible for SATA to enforce a money judgment
5   against any of the Defendants.

6          6.      The evidence of Defendants' unlawful conduct are or may be in Defendants'
7   possession at the AAPEX show and would likely be destroyed, moved, hidden, taken outside of
8   the United States, or otherwise made inaccessible to SATA if Defendants were to receive notice
9   of SATA's application for a seizure order or temporary restraining order in advance of service of
10  this Order.

11         7.      The harm to SATA in denying the requested temporary restraining order and
12  seizure order outweighs the harm to the legitimate interests of Defendants from granting SATA
13  such relief.

14         8.      The public interest weighs in favor of granting SATA the requested temporary
15  restraining order and seizure order.

16         9.      SATA is prepared to deposit money with the Clerk of the Court as security for
17  payment of any damages Defendants may be entitled to recover as a result of a wrongful seizure
18  or a wrongful attempted seizure.

19                              **TEMPORARY RESTRAINING ORDER**

20         **IT IS HEREBY ORDERED** that, pending a decision by the Court on SATA's
21  application for a preliminary injunction, Wenzhou, CMI, and Kuani, as well as their respective
22  officers, agents, servants, employees, confederates, attorneys, ("Restrained Parties") are hereby
23  temporarily enjoined and restrained from:

24         a.      Using any reproduction, counterfeit, copy, or colorable imitation of the SATA
25  Marks in commerce including, without limitation: (i) by selling, offering for sale, distributing,
26  promoting, or advertising any good or service in connection with such reproduction, counterfeit,
27  copy, or colorable imitation of the SATA Marks; or (ii) by displaying any reproduction,
28  counterfeit, copy, or colorable imitation of the SATA Marks at the AAPEX trade show in Las

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-4-

1 Vegas, Nevada;

2      b.      Manufacturing, using, selling, offering to sell, or importing into the United States,
3 paint spray guns embodying designs that are the same as or substantially similar to the designs
4 claimed in U.S. Patent Nos. D459,432 S1 and D459,433 S1, including, without limitation, by
5 offering to sell or selling such products at the AAPEX trade show in Las Vegas, Nevada; and

6      c.      Transferring, moving, destroying, or otherwise disposing of: (i) any of the
7 accused products identified or encompassed in Paragraphs a. and b. above; or (ii) any evidence
8 of Defendants' illegal activities, including, without limitation, any documents in any form or
9 format and any portable media or device (such as CDs, DVDs, Flash Drives, cell phones, PDAs,
10 hard disk drives, laptop computers, memory cards, etc.), relating to any use or infringement of
11 the SATA Marks or any use or infringement of the SATA Design Patents, except pursuant to the
12 below Seizure Order (collectively, "Evidence").

13      **IT IS HEREBY FURTHER ORDERED**, that upon two (2) business days' written
14 notice to the Court and SATA's counsel, or as otherwise permitted by leave of Court, any
15 Defendant may, upon proper showing, appear and move for the dissolution or modification of the
16 provisions of this Order.

17                                           **SEIZURE ORDER**

18      **IT IS HEREBY ORDERED** that Evidence (as defined above but for clarity including
19 laptops and media that electronically stores documents and any products bearing the SATA
20 marks) shall be seized by the United States Marshals Service assisted by one or more attorneys
21 or representatives of SATA, at the respective booths rented or occupied by Wenzhou, CMI and
22 Kuani at the AAPEX trade show as soon as practicable during the period of November 6 through
23 7, 2013.  The United States Marshals Service may use all reasonable force in conducting the
24 seizure and may open doors, locks, boxes, brief cases, and containers of any type or nature to
25 locate and identify Evidence to be seized.  Attorneys and other representatives of SATA shall
26 accompany the United States Marshals Service during the seizure to identify the Evidence to be
27 seized.  SATA's counsel shall itemize and take possession of the seized Evidence, provide a
28 copy of the inventory to the United States Marshals Service assisting with the seizure, and file

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

1  the inventory with the Court.  In addition, SATA's counsel may record the contents of Wenzhou,
2  CMI and Kuani's respective booths and Evidence by photographic, audio, and/or videographic
3  means during the seizure action.  The United States Marshals Service shall not retain custody of
4  seized Evidence but shall ensure that they are placed in the custody of SATA's counsel.  SATA
5  agrees to indemnify the United States Marshals Service who may assist with the seizure and hold
6  it/them harmless from any suit, claim, cause of action, damage, loss, or injury arising from the
7  execution of the seizure described in this Order.

8      **IT IS HEREBY FURTHER ORDERED** that Wenzhou, CMI and Kuani shall provide
9  any passwords necessary to access any electronically stored documents or electronic devices;

10     **IT IS HEREBY FURTHER ORDERED**, that the Summons, First Amended
11  Complaint, Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining and Seizure Order
12  and for Preliminary Injunction, the Declaration of Dr. Ewald Schmon, and this Order must be
13  served upon Wenzhou, CMI and Kuani, if found, at the time of the seizure, and by other means
14  reasonably calculated to give Wenzhou, CMI and Kuani reasonable notice of this action, which
15  shall include via email and Federal Express to the email and physical addresses provided by
16  Defendants on their respective business cards, attached as Exs. C, J and L to the Declaration of
17  Dr. Ewald Schmon.

18     **IT IS HEREBY FURTHER ORDERED,** that SATA shall deposit with the Clerk of the
19  Court the amount of $ _15,000.00_ to serve as sufficient security for the payment of any
20  damages Wenzhou, CMI and Kuani may be entitled to recover as a result of a wrongful seizure
21  or a wrongful attempted seizure.  To the extent Wenzhou, CMI or Kuani believes that additional
22  security is necessary pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Wenzhou,
23  CMI or Kuani shall so move the Court and shall provide notice to SATA's counsel of such
24  motion on or before November ___, 2013.

25     **IT IS HEREBY FURTHER ORDERED,** that a preliminary injunction hearing is set for
26  November _20_, 2013, at _8:30_ _a.m._/p.m., in Courtroom _6 C_
27  _____, before _Andrew P. Gordon, U.S. District Judge_.

28     Wenzhou, CMI and Kuani shall file and serve any opposition to SATA's motion for a

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-6-

1 | preliminary injunction on or before November ___*15*___, 2013, *at NOON*.

2 |      SATA shall file and serve any reply in support of their motion for a preliminary

3 | injunction on or before November ___*19*___, 2013, *at NOON*.

4

5

6 |                           UNITED STATES DISTRICT JUDGE

7

8 |                   Entered this _*6*_ day of ~~January~~ *November*, 2013 at: _*3:30 pm*_

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169