STEVEN A. CALOIARO
Nevada Bar No. 12344
Caloiaro@soclawlodi.com
EURIK O'BRYANT
Nevada State Bar Number 13554
OBryant@SocLawLodi.Com
Sekhon & O'Bryant,
A Professional Law Corporation

State Resident Office:
297 Kingsbury Grade
S. Lake Tahoe, California 89449

Mailing Address:
18826 North Lower Sacramento Rd. Suite K
Woodbridge, California 95258
Tel: (775) 220-1889
Fax: (209) 989-4438

*Attorneys for Plaintiff SATA GmbH & Co. KG*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SATA GmbH & Co. KG, a German corporation,<br><br>Plaintiff,<br><br>v.<br><br>Wenzhou T&E Industrial Co., Ltd.<br><br>Defendant. | CASE NO.: 2:13-cv-02042-APG-NJK<br><br>**ORDER HOLDING DEFENDANT WENZHOU T&E INDUSTRIAL CO., LTD. IN CONTEMPT OF COURT** |

At the request of plaintiff SATA GmbH & Co. KG ("SATA"), I ordered defendant Wenzhou T&E Industrial Co., Ltd. ("T&E") to show cause why it should not be held in contempt for violating my October 26, 2016 Final Judgment. ECF No. 61. Wenzhou did not respond to my order to show cause and it did not appear at the hearing. For the reasons discussed below, and based on the findings and conclusions set forth herein, I hold T&E in contempt of court.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 5, 2013, SATA filed a complaint against T&E alleging that it had unlawfully displayed and offered for sale counterfeit paint spray guns and counterfeit paint spray gun reservoirs that willfully infringed SATA's U.S. trademarks and design patents. ECF No. 1. I granted SATA's Emergency Motion for a Temporary Restraining Order, which T&E did not

1

1 oppose. ECF No. 10.

2 After T&E failed to respond to the Complaint, SATA obtained a Default against it. ECF
3 No. 31.  On October 22, 2014, I issued a Final Judgment against T&E. ECF No. 51. The Final
4 Judgment provided statutory compensatory damages for T&E's willful infringement and
5 attorneys' fees. *Id*.  In the Final Judge judgment, I also issued a permanent injunction enjoining,

> Wenzhou, and its officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with any of them including, without limitation, third parties providing services used in connection with Wenzhou's operations and websites owned or controlled by Wenzhou (including, without limitation, the website at <http://www.teautotools.com>), including, Internet service providers ("ISPs"), domain name registries, domain name registrars, banks and other financial institutions, merchant account providers and payment processors (such as PayPal, Inc., Western Union), and any other payment processing service having knowledge of this Order by service or actual notice ("Restrained Parties") are hereby permanently enjoined and restrained from:
>
>   a. Using any reproduction, counterfeit, copy, or colorable imitation of the SATA Marks in commerce including, without limitation: (i) by selling, offering for sale, distributing, promoting, or advertising any good or service in connection with such reproduction, counterfeit, copy, or colorable imitation of the SATA Marks; (ii) by displaying any reproduction, counterfeit, copy, or colorable imitation of the SATA Marks on the website accessible through the domain name or any other website owned or controlled by Wenzhou or that display Wenzhou's products (collectively, the "Enjoined Websites"); or (iii) by displaying any reproduction, counterfeit, copy, or colorable imitation of the SATA Marks at any trade show in the United States, including but not limited to, at any future Automobile Aftermarket Products Expo ("AAPEX") trade show; and
>
>   b. Manufacturing, using, selling, offering to sell, or importing into the United States, portable electronic device cases embodying designs that are the same as or substantially similar to the designs claimed in U.S. design patents 459,432 S1 and 459,433 S1, including, without limitation, by: (i) offering to sell and selling such products to individuals or companies in the United States through the Enjoined Websites or otherwise; or (ii) offering to sell or selling such products at any trade show in the United States, including, but not limited to, at any future AAPEX show; and ....

ECF No. 51, p. 2.

On November 2, 2016, SATA discovered that T&E was again unlawfully displaying and offering for sale a counterfeit paint spray gun that infringed upon SATA's trademarks and design patents in violation of the Final Judgment.  SATA also uncovered marketing materials containing

images of counterfeit paint spray guns.  SATA reviewed T&E's website (http://www.teautotools.com), which is expressly mentioned and enjoined in the Final Judgment. ECF No. 51.  SATA discovered that the enjoined website is unlawfully displaying and offering for sale a counterfeit paint spray gun that violates the Final Judgment and infringes SATA's U.S. trademarks and patents.

As a result, SATA filed its Application for an Order to Show Cause as to why T&E should not be held in Contempt of Court. ECF No. 58.  I ordered T&E to appear and show cause. ECF No. 61.  T&E did not file an opposition to SATA's Application, did not respond to my Order, and did not appear at the February 9, 2017 show cause hearing. ECF No. 65.

## II. FINDINGS OF FACT AND CONCLUSION OF LAW

1. The Factual Background and Procedural History above is hereby incorporated in its entirety into these findings of fact and conclusions of law.
2. T&E violated my Order (ECF No. 61) to appear before and show cause why it should not be held in contempt of court for violating the permanent injunction.
3. T&E offered for sale several products that infringe upon SATA's trademark rights in U.S. Trademark Registration Nos. 2,770,801; 2,793,583; 3,072,417; and 2,774,593, and SATA's patent rights in United States Patent Nos. USD 459,432, USD 459,433, and USD 644,716.
4. T&E's conduct has at all times been willful, intentional, malicious and in blatant disregard for SATA's Intellectual Property and my Orders, including the permanent injunction.  T&E at all times was aware that its acts constituted willful infringement.
5. T&E's recent conduct is especially egregious given that this is the second-time it has infringed upon the same trademarks and patents at issue in this action.
6. T&E's conduct constitutes a violation of the permanent injunction.  ECF No. 51.
7. T&E's goods contained spurious designations that are identical with, or substantially indistinguishable from, SATA's federally registered marks.

8. T&E failed to show cause why it should not be held in contempt of court for violating the permanent injunction.

9. Pursuant to my inherent powers to issue compensatory sanctions, SATA is entitled to damages for T&E's contempt. 15 U.S.C. § 1117(c) allows for statutory damages of up to $2,000,000.00 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, when the infringement was committed willfully.

10. In awarding damages set forth in the Final Judgment (ECF No. 51), I found that T&E's conduct was willful; I awarded damages under 15 U.S.C. § 1117(c) in the amount of $2,000,000.00. ECF Nos. 42, and 51.

11. Based on the papers and pleadings on file in this action, and the findings herein, I find that T&E acted willfully and deliberately in violating the Permeant Injunction with full knowledge of the wrongful nature of its actions. I therefore award SATA damages and sanctions in the amount of $1,000,000.00 for each of the fifteen violations, for a total amount of $15,000,000.00.

12. Pursuant to my inherent powers and 15 U.S.C. 1117(a), SATA is entitled to an award of attorney fees and costs. Based upon the supplemental declaration of SATA's counsel, I award fees of $11,951.34. SATA's total award is $15,011,951.34.

IT IS HEREBY ORDERED that defendant Wenzhou T&E Industrial Co., Ltd. is in contempt for violating my October 26, 2016 Final Judgment. Defendant Wenzhou T&E Industrial Co., Ltd. is ordered to pay SATA $15,011,951.34.

IT IS FURTHER ORDERED that the goods seized by SATA during the 2016 SEMA tradeshow lack commercial value and make a sale by auction impractical. Pursuant to NRS 21.230, the goods shall be applied to SATA's debt, SATA shall deduct $15,000.00 from the total damages owed by T&E, and SATA shall file a partial satisfaction of judgment indicating that.

_____
UNITED STATES DISTRICT JUDGE
Entered this 24th day of February, 2017